**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CITY OF SOUTHFIELD GENERAL
EMPLOYEES' RETIREMENT
SYSTEM, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

v.

NATIONAL VISION HOLDINGS, INC.,
L. READE FAHS, AND PATRICK R.
MOORE,

Defendants.

Civil Action No.
1:23-cv-000425-VMC

CLASS ACTION

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

## **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

LEGAL STANDARD.............................................................................................1

ARGUMENT ..........................................................................................................4

    A.   Plaintiffs' Recycled Falsity Arguments Do Not Warrant
         Reconsideration. ........................................................................................4

    B.   Plaintiffs' Recycled Scienter Arguments Do Not Warrant
         Reconsideration. ......................................................................................15

CONCLUSION .....................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aaron's, Inc. Sec. Litig.*,
  No. 1:17-cv-2270-SCJ, 2018 WL 11343741 (N.D. Ga. Sept. 26,
  2018) ...............................................................................................10

*In re BellSouth Corp. Sec. Litig.*,
  355 F. Supp. 2d 1350 (N.D. Ga. 2005).............................................................13

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
  896 F. Supp. 2d 1210 (N.D. Ga. 2012)................................................................1

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
  No. 1:09-cv-1185-WSD, 2010 WL 3545389 (N.D. Ga. Sept. 10,
  2010) ...................................................................................10, 11, 12

*Bryan v. Murphy*,
  246 F. Supp. 2d 1256 (N.D. Ga. 2003)............................................................2, 3

*Commodity Futures Trading Comm'n v. Amerman*,
  No. 1:07-cv-2280-WBH, 2013 WL 12099407 (N.D. Ga. Dec. 2,
  2013) ....................................................................................................2

*Cont'l Cas. Co. v. Winder Labs., LLC*,
  No. 2:19-CV-00016-RWS, 2020 WL 7496240 (N.D. Ga. Sept. 1,
  2020) ....................................................................................................3

*In re Floor & Decor Hldgs., Inc. Sec. Litig.*,
  No. 1:19-cv-2270-SCJ, 2020 WL 13543880 (N.D. Ga. Sept. 21,
  2020) ...............................................................................................10

*Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*,
  108 F. Supp. 3d 1376 (S.D. Ga. 2015) ..............................................3, 10, 14, 17

*Hines v. First Citizens Bank*,
  No. 1:23-cv-02822-VMC-JKL, 2023 WL 9502950 (N.D. Ga. Dec.
  22, 2023) ......................................................................................*passim*

*In re HomeBanc Corp. Sec. Litig.*,
   706 F. Supp. 2d 1336 (N.D. Ga. 2010)...............................................................10

*Howzell v. Saul*,
   No. 20-80142-CIV, 2020 WL 5077029 (S.D. Fla. Aug. 27, 2020)......................4

*Kent v. Martin*,
   No. 1:14-cv-943-WSD, 2016 WL 4435559 (N.D. Ga. Aug. 23,
   2016) .............................................................................................................1, 2

*Lawrence v. Thornburg Mortg. Home Loans, Inc.*,
   624 F. App'x 721 (11th Cir. 2015) ....................................................................15

*In re MiMedx Grp., Inc. Sec. Litig.*,
   No. 1:18-CV-00830-WMR, 2021 WL 7210372 (N.D. Ga. Mar. 25,
   2021), *aff'd in part, vacated in part sub nom. MacPhee v. MiMedx
   Grp., Inc.*, 73 F.4th 1220 (11th Cir. 2023)...........................................................9

*Odion v. Google, Inc.*,
   No. 1:13-cv-3906-LMM, 2016 WL 7911643 (N.D. Ga. Dec. 22,
   2016) .................................................................................................................16

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*,
   866 F.2d 228 (7th Cir. 1988) ...............................................................................4

*Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of
   Eng'rs*,
   916 F. Supp. 1557 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir.
   1996) ................................................................................................................2, 3

*In re Sci.-Atlanta, Inc. Sec. Litig.*,
   239 F. Supp. 2d 1351 (N.D. Ga. 2002)...............................................................14

*Smith v. Doe*,
   No. 1:22-cv-03726-LMM, 2023 WL 11054916 (N.D. Ga. Oct. 5,
   2023) ...................................................................................................................3

*Su v. Local 568, Transp. Workers Union of Am., AFL-CIO*,
   No. 1:22-CV-21644-KMM, 2023 WL 6977447 (S.D. Fla. Oct. 23,
   2023) ...................................................................................................................3

*U.S. v. Battle*,
   272 F. Supp. 2d 1354 (N.D. Ga. 2003)...........................................................3, 18

*Wells Fargo Bank, Nat'l Ass'n v. Baggett*,
    No. 1:15-cv-187-LMM, 2015 WL 11616300 (N.D. Ga. Aug. 24,
    2015) .......................................................................................................16

## INTRODUCTION

"A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better the first time.'" *Hines v. First Citizens Bank*, No. 1:23-cv-02822-VMC-JKL, 2023 WL 9502950, at *1 (N.D. Ga. Dec. 22, 2023) (Calvert, J.) (citation omitted). Rather, a motion for reconsideration is only appropriate "when there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'" *Id.* (citation omitted). Plaintiffs do not identify a single piece of newly discovery evidence or any intervening legal development. Instead, Plaintiffs argue that the Court committed "clear legal error" in determining that the Amended Complaint failed to adequately plead falsity and scienter. *See* Pls.' Mot. for Recons. (Dkt. 65) ("Motion") at 1. But Plaintiffs identify no actual "clear legal error" in their Motion, and instead simply "repackage familiar arguments to test whether the Court will change its mind." *Hines*, 2023 WL 9502950, at *1 (citation omitted). Under such circumstances, "the motion must be denied." *Id.*

## LEGAL STANDARD

Under this Court's Local Rules, "a motion for reconsideration shall not be filed as a matter of routine practice." *Hines*, 2023 WL 9502950, at *1 (citing *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012)); *see also Kent v. Martin*, No. 1:14-cv-943-WSD, 2016 WL 4435559, at

*2 (N.D. Ga. Aug. 23, 2016) (noting motions for reconsideration "should be reserved for extraordinary circumstances") (citation omitted).  Rather, a party must only file a motion for reconsideration when it is "absolutely necessary."  *Hines*, 2023 WL 9502950, at *1 (citation omitted).  "Such absolute necessity arises ***only when*** there is '(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.'"  *Id.* (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003)) (emphasis added).[1]  This Court has described motions for reconsideration as "an extraordinary pleading which is ***rarely granted*."  *Commodity Futures Trading Comm'n v. Amerman*, No. 1:07-cv-2280-WBH, 2013 WL 12099407, at *1 (N.D. Ga. Dec. 2, 2013) (emphasis added).

A motion for reconsideration cannot be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  *Hines*, 2023 WL 9502950, at *1 (citing *Bryan*, 246 F. Supp. 2d at 1259).  Nor is "'[a] motion for reconsideration . . . an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time.'"  *Id.* (quoting *Pres. Endangered Areas of Cobb's*

---

[1] Plaintiffs do not appear to cite any newly discovery evidence or intervening development or change in controlling law in their Motion.  *See generally* Motion. Thus, the basis for Plaintiffs' Motion is that the Court made a "clear legal error." Motion at 1.

*Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996)).  As this Court has made clear, "[i]f a party presents a motion for reconsideration under any of these circumstances, the motion **must be denied**."  *Id.* (citing *Bryan*, 246 F. Supp. 2d at 1259) (emphasis added).

To succeed on a motion for reconsideration, "[t]he burden is on the movant to establish the 'extraordinary circumstances supporting reconsideration.'"  *Smith v. Doe*, No. 1:22-cv-03726-LMM, 2023 WL 11054916, at *2 (N.D. Ga. Oct. 5, 2023) (quoting *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015)).  A motion based on a need to correct a clear error of law or fact "ordinarily requires a showing of clear and obvious error where the interests of justice demand correction."  *Gold Cross*, 108 F. Supp. 3d at 1380 (citation and internal quotation marks omitted).  "[A] clear error consists of a manifest error of law or fact 'made despite a clear presentation of the issue by the party seeking reconsideration.'"  *Cont'l Cas. Co. v. Winder Labs., LLC*, No. 2:19-CV-00016-RWS, 2020 WL 7496240, at *1 (N.D. Ga. Sept. 1, 2020) (citation omitted).  "An error is not clear and obvious if the legal issues are at least arguable."  *Gold Cross*, 108 F. Supp. 3d at 1380 (citing *U.S. v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003)); *see also Su v. Local 568, Transp. Workers Union of Am., AFL-CIO*, No. 1:22-CV-21644-KMM, 2023 WL 6977447, at *4 (S.D. Fla. Oct. 23, 2023) ("Clear error exists when a court has a 'definite and firm conviction that a mistake has been

3

made.'") (citation omitted); *Howzell v. Saul*, No. 20-80142-CIV, 2020 WL 5077029, at *1 (S.D. Fla. Aug. 27, 2020) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.") (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). As shown herein, Plaintiffs have come nowhere close to meeting this exacting standard.

## ARGUMENT

### A.   Plaintiffs' Recycled Falsity Arguments Do Not Warrant Reconsideration.

In a well-reasoned, 46-page Order, the Court concluded that the Amended Complaint failed to "adequately allege with particularity how any statements were false and misleading." Order at 40. In seeking reconsideration, Plaintiffs argue that the Court committed clear error with respect to its falsity conclusion in four ways: (1) by determining that Plaintiffs failed to allege falsity adequately; (2) by concluding that Plaintiffs cannot rely on fraud by hindsight; (3) by discounting the market's reaction to the three alleged partial disclosures; and (4) by distinguishing the cases cited by Plaintiffs in their Opposition to Defendants' Motion to Dismiss. *See* Motion at 7–17. None of these grounds constitute clear error worthy of reconsideration, as explained below.

To begin with, Plaintiffs' arguments are nothing more than restated and recycled assertions that were thoroughly explored by the parties in the underlying briefing and at oral argument and then rejected by this Court.[2]    While it is unsurprising that Plaintiffs disagree with the Court's decision to dismiss their claims, they are not entitled to a second bite at the apple based simply on that disagreement. *See Hines*, 2023 WL 9502950, at *1 (citations omitted).  But even if this Court were inclined to address the alleged errors identified by Plaintiffs further, Plaintiffs' Motion would still fail.

*First*, Plaintiffs argue that the Court erred by failing "to credit Plaintiffs' detailed facts demonstrating the falsity of Defendants' statements when made, misconstru[ing] Plaintiffs' allegations, and erroneously accept[ing] Defendants'

---

[2] There is no question that Plaintiffs raised the same arguments that form the bases for their Motion in their prior briefing and at oral argument.  *See*, *e.g.*, Dkt. 66 at 21–22 (asking the Court to look to the "array of facts we really allege" rather than just the "summary paragraph from [the Amended Complaint's] introduction"); Dkt. 55 at 14–15 (arguing Defendants had a duty to disclose but downplayed impact of wage and compensation pressures and misled market regarding the Company's ability to meet demand); Dkt. 66 at 22–23, 34 (similar); Dkt. 55 at 11 (arguing Defendants misled investors regarding inability of remote medicine initiatives to offset optometrist shortages); Dkt. 66 at 23–24, 29–30 (similar); Dkt. 55 at 9 (arguing that Plaintiffs identified specific calls, internal reports, and meetings that Defendants and/or their direct reports attended where recruiting, retention, and capacity problems were discussed); Dkt. 66 at 26–27, 29 (similar); Dkt. 55 at 11–12 (arguing that Plaintiffs were not impermissibly relying on fraud by hindsight); Dkt. 66 at 36 (similar); Dkt. 55 at 18 (arguing that the market's reaction to the three alleged partial disclosures was relevant); Dkt. 66 at 27–29 (similar); Dkt. 55 at 29 (arguing that Plaintiffs were not required to plead confidential witnesses).

view of the Complaint." Motion at 7. Plaintiffs spend five pages simply reproducing many of the allegations contained in their Amended Complaint and the bases for dismissal offered by Defendants. *See* Motion at 7–11. Because the Court already considered these same facts and arguments in rejecting Plaintiffs' claims, there is simply no reason why the Court should second-guess its prior determination. *See Hines*, 2023 WL 9502950, at *1 ("[A] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time.") (citation omitted).[3]

Plaintiffs' assertion that the Court "overlook[ed]" their detailed factual allegations (*see*, *e.g.*, Motion at 7, 9), wholly lacks merit. Specifically, Plaintiffs take issue with the fact that the "Order pointed to 11 paragraphs from the summary 'Nature of the Action' section of the Complaint as its 'Facts,'" rather than the "more than 70 paragraphs of factual information detailing significant increases in critical doctor attrition, and a timeline of associated costs, and technical issues stemming from NV's remote medicine initiative." Motion at 7 (suggesting that the Court "overlooked" "more than 70 paragraphs of factual information" and instead focused only on the Amended Complaint's "summary allegations"); *see also* Motion at 9 (arguing that the Court "overlooked" allegations in the Amended Complaint

---

[3] *See supra* at Note 3.

regarding remote medicine).  Putting aside the absurdity of the suggestion that the Court was required to have reproduced all of the factual allegations contained in the nearly 200-page Amended Complaint in the "Background" section of its Order, there is no credible basis for Plaintiffs to argue that the Court ignored or otherwise "overlooked" the substantive allegations contained throughout Amended Complaint in reaching its decision on Defendants' Motion to Dismiss.  *See* Motion at 7–11.[4]

Nothing in the Order's "Background" section suggests that it provides a full recitation of all of the facts and allegations contained in the Amended Complaint, nor that it addresses each and every fact and allegation ultimately considered by the Court in reaching its decision.  Indeed, the Order expressly states that it "includes a detailed examination of Plaintiffs' allegations in its analysis, but provides here a ***general summary*** for context."  Order at 3 (emphasis added).  As even a casual review of the Court's Order will confirm, the Court freely and extensively cited to various allegations contained throughout the Amended Complaint (including many of the very same paragraphs cited in Plaintiffs' Motion) and did not, in fact, cabin those citations to only those allegations contained in paragraphs 3 through 14 of the

---

[4] Further compounding the absurdity of this argument is the fact that, in providing a high-level overview of the case, the Court reproduced ***verbatim*** Plaintiffs' own high-level overview of the case.  *See* Order at 3–7.  Plaintiffs were the masters of their own Amended Complaint and presumably chose to describe the basis of their action in the manner they did for a reason.  Plaintiffs can hardly fault the Court for relying on Plaintiffs' own words in doing the same.

Amended Complaint.  *See generally* Order.  To be sure, many of the paragraphs identified by Plaintiffs as ones "overlooked" by the Court in the Motion are prominently referenced in the Order.  *Compare*, *e.g.*, Motion at 9–10 (asserting the Court "overlooked" paragraphs 60 through 62 of the Amended Complaint related to remote medicine allegations) *with* Order at 30, 36 (citing paragraphs 60 through 62 of the Amended Complaint when discussing remote medicine allegations).[5]  There is simply no support for Plaintiffs' assertion that the Court "overlooked" the facts and allegations in the Amended Complaint in determining to grant Defendants' Motion to Dismiss.

After arguing that the Court ignored and overlooked all but a few of the allegations in the Amended Complaint, Plaintiffs simultaneously argue that the Court "misconstrued" and "discredited" many of their allegations in the Amended Complaint.  *See* Motion at 7–11.  This argument also lacks merit.  For example, Plaintiffs argue that the Court "reject[ed]" their characterization that Defendant Fahs "'deflected' when asked about 'significant wage pressures.'"  Motion at 9 (citing Order at 18–19).  But the Court need not accept as true Plaintiffs' characterization of the challenged statements; rather, the Court's task is to examine the statements

---

[5] There are numerous other examples just like this one.  As referenced above, the Court's Order freely quotes from and cites to multiple paragraphs in the Amended Complaint.

themselves and determine whether Plaintiffs have pled facts, with particularity, that the statements were false or misleading when made. The Court did exactly that. *See* Order at 19–20. Specifically, the Court determined that because Defendants had disclosed to investors that they were experiencing labor challenges, Plaintiffs had therefore not alleged a viable omission claim, which instead was pled only in conclusory fashion. *See id.* at 23. Contrary to Plaintiffs' suggestion, the Court is not bound to accept Plaintiffs' conclusory allegations. *See*, *e.g.*, *In re MiMedx Grp., Inc. Sec. Litig.*, No. 1:18-CV-00830-WMR, 2021 WL 7210372, at *2 (N.D. Ga. Mar. 25, 2021), *aff'd in part, vacated in part sub nom. MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220 (11th Cir. 2023) ("[T]he Court is not bound to accept as true legal conclusions couched as factual allegations.").

Finally, Plaintiffs' suggestion that "the Court incorrectly credited Defendants' narrative" when it determined that Defendants "repeatedly informed investors that it was experiencing wage inflation and retention pressures" is disingenuous. *See* Motion at 7–8. The Order plainly identifies the source of the Court's determination, and it was not "Defendants' narrative" as Plaintiffs suggest. Rather, as the Court noted, "***Plaintiffs' own allegations*** demonstrate that Defendants publicly discussed wage and compensation pressures earlier in the year." *See* Order at 22 (emphasis added). And while Plaintiffs may disagree with the Court's conclusion that they had, at most, alleged a "semantic difference" between what Defendants disclosed

9

("wage inflation") and what Plaintiffs believed they should have disclosed ("wage investments") (*see* Order at 22–23), such disagreement is insufficient to sustain a motion for reconsideration. *See Gold Cross*, 108 F. Supp. 3d at 1380 ("An error is not clear and obvious if the legal issues are at least arguable.") (citation omitted).

*Second*, Plaintiffs argue that "the Court committed legal error finding that 'Plaintiffs cannot rely on an after-the-fact statement made in November 2021' to 'infer that [earlier statements] were false or misleading at the time they were made.'" Motion at 12–14 (citing Order at 21–22). But, contrary to Plaintiffs' assertions, that principle is well-established in the Eleventh Circuit. *See*, *e.g.*, *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, No. 1:09-cv-1185-WSD, 2010 WL 3545389, at *7 (N.D. Ga. Sept. 10, 2010) (plaintiff could not rely on an after-the-fact statement to "infer that [earlier statements] were false or misleading at the time they were made"); *In re Floor & Decor Hldgs., Inc. Sec. Litig.*, No. 1:19-cv-2270-SCJ, 2020 WL 13543880, at *8 (N.D. Ga. Sept. 21, 2020) (rejecting similar "fraud by hindsight" claims); *In re HomeBanc Corp. Sec. Litig.*, 706 F. Supp. 2d 1336, 1360 (N.D. Ga. 2010) (similar); *In re Aaron's, Inc. Sec. Litig.*, No. 1:17-cv-2270-SCJ, 2018 WL 11343741, at *7 (N.D. Ga. Sept. 26, 2018) (similar). As such, this is not a valid basis for reconsidering the Court's Order.

Plaintiffs seem to take particular issue with the Court's citation to the *Belmont Holdings* case and attempt to distinguish it from the instant case. *See* Motion at 13–

10

14. The parties' positions regarding the applicability of the *Belmont Holdings* case was explored in the underlying briefing on Defendants' Motion to Dismiss.  *See*, *e.g.*, Dkt. 53-1 at 20, 29; Dkt. 55 at 16, 30.  The Court need not retread that familiar ground now.  *See*, *e.g.*, *Hines*, 2023 WL 9502950, at *1 (citation omitted).  But, in any event, Plaintiffs' repeated attempts to distinguish *Belmont Holdings* are unavailing.

In *Belmont Holdings*, the plaintiff alleged that SunTrust's 2007 Form 10-K was materially false and misleading because, *inter alia*, SunTrust underestimated its allowance for loan and lease loss reserves.  *Belmont Holdings*, 2010 WL 3545389, at *1.  To support this allegation, the plaintiff pointed to the fact that SunTrust later raised its allowance for loan and lease loss reserves to show that the defendants must have known that their earlier statements were false and misleading.  *Id.* at *6 (characterizing the plaintiff's claims as "using a backward-looking assessment").  The Court determined that the fact that SunTrust "subsequently raised" its allowance for loan and lease loss reserves did "not permit the court to infer that SunTrust's [prior] financial assessments were false or misleading *at the time they were made*."  *Id.* at *7 (emphasis added); *see also id.* at *6 ("Ordinarily, however, corporate officials need not be clairvoyant; they are only responsible for revealing those material facts reasonably available to them.  Thus, allegations that defendants should have anticipated future events and made certain disclosures earlier than they actually

11

did do not suffice to make out a claim for securities fraud.") (citation and internal quotation marks omitted).

No different result is required here.  Plaintiffs argue that the instant case is somehow distinguishable from *Belmont Holdings* because they allege that "Defendants mischaracterized the magnitude of the wage investments the Company actually made" in the summer of 2021 and that Mr. Moore's November 2021 statement that "'lower Q4 profitability' was expected 'due to the impact of wage investments *implemented earlier this year*'" confirms that fact.  *See* Motion at 14; Am. Compl. ¶¶ 131–132.   But this is a distinction without a difference.  As in *Belmont Holdings*, Plaintiffs fail to connect the dots with particularized allegations. That is, nowhere do Plaintiffs allege with particularity that, at the time the Company was making (and disclosing) the wage investments in the summer of 2021, Defendants knew that such wage investments would ultimately result some months later in "lower Q4 profitability" and must have intentionally withheld that information.   As in *Belmont Holdings*, Defendants were only responsible for disclosing those material facts reasonably available to them.  *Belmont Holdings*, 2010 WL 3545389, at *6.  Where Plaintiffs failed to allege anything more than that Defendants "must have known" based on events that occurred later in time, Plaintiffs are impermissibly relying on fraud by hindsight.

***Third***, Plaintiffs argue that "the Court erred by discounting the market's reaction to the three partial disclosures as supporting falsity." Motion at 14–15 (citing Order at 21–26). But there is simply no support for Plaintiffs' assertion that the Court "discount[ed]" these allegations. The Court's Order substantively discusses each of the three stock price declines referenced by Plaintiffs. *Compare* Motion at 15 *with* Order at 21, 25, 26. The Court further quoted Plaintiffs' own allegations that the market was "shocked" by the Company's disclosures in the Order. *See* Order at 24, 26.

Moreover, neither of the cases cited by Plaintiffs in their Motion stand for the proposition that a court must automatically find that a plaintiff has adequately alleged **falsity** where there has been a "significant stock drop" and/or analyst reaction to a piece of news. Rather, these cases stand for the unsurprising proposition that where a plaintiff has otherwise adequately alleged a false or misleading statement (not so here), a stock price decline or analyst reaction can support a finding that a plaintiff has adequately alleged **materiality** at the motion-to-dismiss stage. *See In re BellSouth Corp. Sec. Litig.*, 355 F. Supp. 2d 1350, 1371 (N.D. Ga. 2005) ("Plaintiffs have alleged a significant drop in share price and increase in trading activity over the days following the announcement. Such data frequently indicate ***materiality***, and supports the Court's conclusion that Plaintiffs have adequately pleaded a ***material*** misrepresentation or omission. . . .") (emphasis

13

added); *In re Sci.-Atlanta, Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1361 n.6 (N.D. Ga. 2002) ("One analyst's comparison of Motorola and S–A underscores the materiality of the channel stuffing.").[6]

*Finally*, Plaintiffs argue that "the Order erroneously distinguished this action from cases with similar fact patterns where motions to dismiss were denied, because Plaintiffs here did not plead former employee witness accounts." Motion at 15–16 (citing Order at 28–29). As an initial matter, Plaintiffs' disagreement with the manner in which the Court discussed (and distinguished) cases cited by the parties in the underlying briefing hardly constitutes a "clear and obvious error where the interests of justice demand correction." *Gold Cross*, 108 F. Supp. 3d at 1380 (citation and internal quotation marks omitted). The Court can reject Plaintiffs' request for reconsideration on this basis alone.

More importantly, however, Plaintiffs oversimplify and misconstrue both this portion of the Court's Order and the cited cases. Nowhere in the Court's Order does it suggest that Plaintiffs' claims were dismissed merely because they did not plead former employee witness accounts. Rather, the Court distinguished the cases

---

[6] Plaintiffs are well aware of this distinction. *Compare* Motion at 14–15 ("[T]he Court erred by discounting the market's reaction to the three partial disclosures as supporting *falsity*.") (emphasis added) *with* Dkt. 55 at 18 ("*Materiality* is further supported by the 24%, 31%, and 39% stock price declines . . . and analysts' reactions to the three partial disclosures.") (emphasis added).

14

identified by Plaintiffs from Plaintiffs' claims because those cases included particularized factual allegations (often supported by, among other things, allegations based on the accounts of confidential witnesses), whereas Plaintiffs' allegations lacked "specificity" and "concrete" allegations regarding wage inflation or employee retention. Order at 29. Contrary to Plaintiffs' suggestion, the Court never suggested or held that Plaintiffs failed to adequately allege falsity simply because they did not plead any former employee witness accounts.

## B. Plaintiffs' Recycled Scienter Arguments Do Not Warrant Reconsideration.

Plaintiffs claim that the Court "committed legal error by failing to consider the totality of all relevant scienter inferences collectively and construing all reasonable aggregated inferences in [their] favor." Motion at 17. But all Plaintiffs offer in support of this assertion is a mere restatement of the scienter allegations and arguments that they previously presented to the Court and an insinuation that "the court could have done it better the first time." *See* Motion at 17–19; *Hines*, 2023 WL 9502950, at *1 (citation omitted). This is insufficient to warrant reconsideration.

As an initial matter, the Court can (and should) summarily reject Plaintiffs' scienter-related arguments because they merely repackage arguments they previously made. *See Lawrence v. Thornburg Mortg. Home Loans, Inc.*, 624 F. App'x 721, 721 (11th Cir. 2015) (district court's denial of motion for reconsideration

15

was proper because motion "merely repackaged" arguments originally asserted); *Odion v. Google, Inc.*, No. 1:13-cv-3906-LMM, 2016 WL 7911643, at \*2 (N.D. Ga. Dec. 22, 2016) (denying motion for reconsideration where arguments were "repackaged versions of arguments" made in original filings); *Wells Fargo Bank, Nat'l Ass'n v. Baggett*, No. 1:15-cv-187-LMM, 2015 WL 11616300, at \*1 (N.D. Ga. Aug. 24, 2015) (motion for reconsideration denied where "all of [the] arguments are either ones which could have been made in . . . previously filed motion or are repackaged versions of arguments which were made in the initial filings").

Indeed, Plaintiffs spend nearly the entirety of the two-and-a-half pages they devote to their scienter arguments merely regurgitating the scienter allegations set forth in their Amended Complaint and Motion to Dismiss Opposition. *Compare* Motion at 17–19 (listing "seven separate [alleged] indicia of scienter") *with* Am. Compl. at ¶¶ 248–75 (Plaintiffs' scienter allegations); Dkt. 55 at 26–34 (discussing "seven [alleged] *indicia* that collectively establish each Defendants' scienter"). Plaintiffs then conclude, without explanation or citation to the Court's Order, that the Court erred by "fail[ing] to consider these indicia of scienter in the aggregate and in a light most favorable to Plaintiffs." Motion at 19. Notably, Plaintiffs made these precise arguments in their Motion to Dismiss Opposition and at oral argument. *See*, *e.g.*, Dkt. 55 at 26 ("The Court must accept Plaintiffs' scienter allegations as true

16

and 'assess all the allegations holistically.'"); *id.* at 26–33 (arguing Plaintiffs adequately alleged scienter); Dkt. 66 at 26, 36 (similar).

More importantly, however, Plaintiffs have not identified any "clear and obvious error where the interests of justice demand correction." *Gold Cross*, 108 F. Supp. 3d at 1380 (citation and internal quotation marks omitted). While the basis of Plaintiffs' issue with the Court's Order regarding scienter is not entirely clear from the Motion, it appears that Plaintiffs are suggesting (again, without citation to the Order itself), that the Court "fail[ed] to consider the[] indicia of scienter ***in the aggregate*** and in a ***light most favorable to Plaintiffs***." Motion at 19 (emphasis added). But this is wholly without merit.

In a well-reasoned order, the Court set forth the correct legal standard for analyzing Plaintiffs' scienter allegations (Order at 42–43), discussed the indicia of scienter alleged by Plaintiffs (*id.* at 43–44), and concluded that "the ***aggregated allegations*** of the Amended Complaint ***viewed in the light most favorable to Plaintiffs*** – and the 'reasonable inferences therefrom' – are insufficient to plead scienter." *Id.* at 44 (emphasis added). Given that the text of the Order itself plainly indicates that the Court did precisely what Plaintiffs claim it "fail[ed]" to do (Motion at 19), it seems Plaintiffs' real issue is that they disagree with the conclusion the Court reached after considering Plaintiffs' scienter allegations "in the aggregate and in a light most favorable to Plaintiffs." Motion at 19. But that is not a proper basis

for reconsideration. *See*, *e.g.*, *Hines*, 2023 WL 9502950, at \*1 ("Finally, [a] motion for reconsideration is not an opportunity for the moving party ... to instruct the court on how the court 'could have done it better' the first time.") (citation and internal quotation marks omitted).

As more fully set forth in Defendants' briefing on the Motion to Dismiss and at oral argument, there are myriad reasons why Plaintiffs' scienter allegations are insufficient. *See*, *e.g.*, Dkt. 53-1 at 26–34; Dkt. 56 at 16–20; Dkt. 66 at 14–21. While Plaintiffs clearly disagree with both Defendants' arguments and the Court's Order, there is no question but that "the legal issues are 'at least arguable.'" *Battle*, 272 F. Supp. 2d at 1358. As such, there is no "clear and obvious" error that warrants reconsideration now. *Id.* Plaintiffs' request for reconsideration of the Court's scienter ruling must be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

18

Respectfully submitted this 13th day of May, 2024.

/s/ Michael R. Smith
Michael R. Smith
Georgia Bar No. 661689
B. Warren Pope
Georgia Bar No. 583723
Bethany M. Rezek
Georgia Bar No. 553771
Brian D. Barnes
Georgia Bar No. 615574
**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Fax: (404) 572-5100
mrsmith@kslaw.com
wpope@kslaw.com
brezek@kslaw.com
bbarnes@kslaw.com

*Counsel for Defendants*

## RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared with

one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Michael R. Smith*
Michael R. Smith
Georgia Bar No. 661689

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

DATED this 13th day of May, 2024.

/s/ Michael R. Smith
Michael R. Smith
Georgia Bar No. 661689

*Counsel for Defendants*