UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CITY OF SOUTHFIELD GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:23-cv-00425-VMC |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| NATIONAL VISION HOLDINGS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION**

## TABLE OF CONTENTS

**Page**

I.    ARGUMENT ...................................................................................1

II.   CONCLUSION ...............................................................................3

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re BellSouth Corp. Sec. Litig.*,
  355 F. Supp. 2d 1350 (N.D. Ga. 2005)............................................................2

*In re Paincare Holdings Sec. Litig.*,
  541 F. Supp. 2d 1283 (M.D. Fla. 2008).......................................................2, 3

*In re Sci.-Atl., Inc. Sec. Litig.*,
  239 F. Supp. 2d 1351 (N.D. Ga. 2002), *aff'd sub nom. Phillips v. Sci.-Atl., Inc.*,
  374 F.3d 1015 (11th Cir. 2004) ..................................................................2, 3

*In re Towne Servs., Inc. Sec. Litig.*,
  184 F. Supp. 2d 1308 (N.D. Ga. 2001)............................................................2

*Lemen v. Redwire Corp.*,
  2023 WL 2598402 (M.D. Fla. Mar. 22, 2023) ..................................................3

*Monroe Cnty. Emps.' Ret. Sys. v. Southern Co.*,
  333 F. Supp. 3d 1315 (N.D. Ga. 2018)............................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).......................................................................................1

Plaintiffs respectfully submit this reply in further support of Plaintiffs' Motion for Reconsideration ("Motion") (ECF 65) and in response to Defendants' Response in Opposition to the Motion ("Opposition" or "Opp.") (ECF 67).

## I.   ARGUMENT

Defendants spend the bulk of the Opposition claiming Plaintiffs' arguments should be ignored (Opp. at 4-18); but at no point do they demonstrate the Court did not commit "clear legal error" by granting Defendants' motion to dismiss (*id.*). Plaintiffs do not seek reconsideration by asserting "how the court could have done it better the first time" (*id.* at 2)[1]; rather, Plaintiffs highlighted five specific legal errors, supported by paragraph references and case law, that require reconsideration.

(1) The Court failed to credit Plaintiffs' 70 paragraphs of detailed facts demonstrating the falsity of Defendants' statements when made, misconstrued Plaintiffs' allegations, and erroneously accepted Defendants' view – rather than Plaintiffs' – of the facts alleged, as required under *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309-10, 322 (2007) (at the motion to dismiss stage, the Court must consider the Complaint in its entirety, "accept all [Plaintiffs'] factual allegations . . . as true[,]" and construe all reasonable inferences in Plaintiffs' favor). *See* Mot. at 5-11.

---

[1]   Unless otherwise noted, all emphasis is added and citations are omitted.

(2) The Court's blanket holding that a plaintiff "cannot rely on an after-the-fact statement" to "infer that [earlier statements] were false or misleading at the time they were made" is contrary to existing law, and Defendants cite no Eleventh Circuit authority holding otherwise. *Compare* Mot. at 10-14 (citing *In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d 1308, 1322 (N.D. Ga. 2001) (finding "an existing problem at the time [of] the [misstatement] . . . renders the no-hindsight cases inapplicable" and holding it would be "improper" to grant defendants' motion to dismiss based on defendants' factual narrative, that "the alleged problem" was not "severe enough to give rise to an obligation to make a disclosure"); *In re Paincare Holdings Sec. Litig.*, 541 F. Supp. 2d 1283, 1291 n.7 (M.D. Fla. 2008) (where defendants "knew that the statements were false and misleading when made" allegations do not amount to "fraud by hindsight")) *with* Opp. at 10-12.

(3) The Court ignored the market's significant reaction, in the form of large, negative stock price reactions (24%, 31%, and 39%) and "gut-punched," and stunned analyst and market reactions to the three partial disclosures as supporting the falsity of Defendants' misstatements when made. *See* Mot. at 14-15 (citing *In re BellSouth Corp. Sec. Litig.*, 355 F. Supp. 2d 1350, 1371 (N.D. Ga. 2005) (disclosure's effect on stock price supports a finding of the falsity of defendants' statements); *In re Sci.-Atl., Inc. Sec. Litig.*, 239 F. Supp. 2d 1351, 1361 n.6 (N.D. Ga. 2002) ("analyst's comparison" supports a finding of falsity due to the materiality of defendants'

- 2 -

discussion of issue at hand), *aff'd sub nom. Phillips v. Sci.-Atl., Inc.*, 374 F.3d 1015 (11th Cir. 2004)).

(4) The Court erroneously discounted Plaintiffs' allegations because they were not attributed to "confidential witnesses[,]" despite the fact that there is no requirement to plead confidential sources. *See* Mot. at 15-18 (citing *Lemen v. Redwire Corp.*, 2023 WL 2598402 (M.D. Fla. Mar. 22, 2023) (denying motion to dismiss complaint without confidential witnesses); *PainCare*, 541 F. Supp. 2d at 1294 (same); *Monroe Cnty. Emps.' Ret. Sys. v. Southern Co.*, 333 F. Supp. 3d 1315, 1323 (N.D. Ga. 2018) (rejecting that scienter required "specific details of first-hand interactions with a defendant in which they advised him that existing facts contradicted his public disclosures")).

(5) The Court failed to consider the totality of all seven relevant scienter inferences (detailed in over 30 paragraphs) collectively and construe all reasonable aggregated inferences in Plaintiffs' favor, as required. *See* Mot. at 17-19 (citing *Phillips*, 374 F.3d at 1018 n.6 (finding that "all relevant facts and reasonable inferences therefrom may be aggregated to establish the necessary strong inference that the defendant acted with the required state of mind")).

## II.    CONCLUSION

For the above reasons and for those set forth more fully in the Motion, the Court should grant Plaintiffs' Motion, reconsider its Order (ECF 63), and deny

Defendants' motion to dismiss so that this case may move beyond the pleadings stage.

DATED:  May 28, 2024                    ROBBINS GELLER RUDMAN
                                         & DOWD LLP


                                        */s/ Robert J. Robbins*
                                        ROBERT J. ROBBINS
                                        (admitted *pro hac vice*)
                                        KATHLEEN B. DOUGLAS
                                        (admitted *pro hac vice*)
                                        BAILIE L. HEIKKINEN
                                        (admitted *pro hac vice*)
                                        MASON G. ROTH
                                        (admitted *pro hac vice*)
                                        225 NE Mizner Boulevard, Suite 720
                                        Boca Raton, FL  33432
                                        Telephone:  561/750-3000
                                        561/750-3364 (fax)
                                        rrobbins@rgrdlaw.com
                                        kdouglas@rgrdlaw.com
                                        bheikkinen@rgrdlaw.com
                                        mroth@rgrdlaw.com

                                        *Lead Counsel for Lead Plaintiffs*

                                        JOHNSON FISTEL, LLP
                                        MICHAEL I. FISTEL, JR.
                                        Georgia Bar No. 262062
                                        MARY ELLEN CONNER
                                        Georgia Bar No. 195007
                                        40 Powder Springs Street
                                        Marietta, GA  30064
                                        Telephone:  470/632-6000
                                        770/200-3101 (fax)
                                        michaelf@johnsonfistel.com
                                        maryellenc@johnsonfistel.com

- 4 -

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
(admitted *pro hac vice*)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel*

- 6 -

## <u>LOCAL RULE 7.1(D) CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1.

*s/ Robert J. Robbins*

Robert J. Robbins

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of May, 2024, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all attorneys of record.

*/s/ Robert J. Robbins*
ROBERT J. ROBBINS