**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CITY OF SOUTHFIELD GENERAL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> NATIONAL VISION HOLDINGS, INC. et al., <br><br>     Defendants. | Civil Action No. <br> 1:23-cv-00425-VMC |

**ORDER**

This matter is before the Court on the Motion for Reconsideration ("Motion to Reconsider," Doc. 65) filed by Plaintiffs City of Southfield General Employees' Retirement System, International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario, and Howard County Master Trust (collectively, "Plaintiffs"). For the reasons below, the Court will deny the Motion to Reconsider.

## I.  Background

Plaintiffs initiated this action on January 27, 2023. (*See* Doc. 1). A few months later, Plaintiffs filed an amended complaint ("Amended Complaint," Doc. 46) that included additional allegations. (*See* Doc. 46). The Amended Complaint names

three Defendants: National Vision Holdings, Inc. ("National Vision"), L. Reade Fahs, and Patrick R. Moore ("Individual Defendants," and with National Vision, "Defendants"). (Doc. 46). Plaintiffs later supplemented the Amended Complaint and added Howard County Master Trust as a named plaintiff. (*See* Doc. 51).

Plaintiffs brought three claims in their Amended Complaint: Count I—Violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against all Defendants; Count II—Violations of Section 20(a) of the Exchange Act against the Individual Defendants; and Count III—Violations of Section 20(a) of the Exchange Act against Defendant Fahs. (*See* Doc. 46 ¶¶ 308−29).[1]

Defendants moved to dismiss the Amended Complaint for failure to state a claim. (*See* "Motion to Dismiss," Doc. 53). Plaintiffs opposed Defendants' Motion to Dismiss (Doc. 55), and Defendants submitted a reply brief (Doc. 56). The Court also heard oral argument from the parties regarding the Motion to Dismiss. (*See* Doc. 62). The Court ultimately granted Defendants' Motion to Dismiss and closed the case. (*See* "Dismissal Order," Doc. 63).

Plaintiffs filed the instant Motion to Reconsider asking the Court to reconsider its Dismissal Order. (*See* Doc. 65). Defendants filed a response in opposition (Doc. 67), and Plaintiffs submitted a reply brief (Doc. 68).

---

[1] Citations to paragraphs refer to the paragraph numbers in the relevant document.

## II.    Legal Standard

Fed. R. Civ. P. 60(b) states,

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made "within a reasonable time," unless it is brought under subsection (1), (2), or (3), in which case it must be brought no more than a year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Under Local Rule 7.2, NDGa, a motion for reconsideration shall not be filed as a matter of routine practice. *See Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012) (citing LR 7.2(E), NDGa). If a party finds it "absolutely necessary" to file, the motion must be filed within 28 days after entry of the order or judgment. LR 7.2(E), NDGa. Such absolute necessity arises only

when there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy,* 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003) (citation omitted).

A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Id.* at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Comput. Servs., Inc.,* 202 F.R.D. 666, 675 (N.D. Ga. 2001). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). "If a party presents a motion for reconsideration under any of these circumstances, the motion must be denied." *Bryan*, 246 F. Supp. 2d at 1259; *see also Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

In most circumstances, "clear error" means that "the record lacks substantial evidence" to support a particular finding. *Robinson v. Sauls et al.*, No. 1:18-cv-131-TCB, 2021 WL 2103583, at *1 (N.D. Ga. Mar. 4, 2021) (citing *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011) and *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) ("[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.... Such problems rarely arise and the motion to reconsider should be equally rare.")).

Ultimately, the decision to grant a motion for reconsideration is committed to the discretion of the district court. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000).

## III.   Discussion

In their Motion to Reconsider, Plaintiffs argue that the Court should reconsider its Dismissal Order because it committed clear error. (Doc. 65 at 11).[2] Specifically, Plaintiffs claim that the Court committed error "by failing both to accept Plaintiffs' well-pled facts as true and to draw all reasonable inferences therefrom in Plaintiffs' favor when evaluating the falsity and scienter prongs of

---

[2] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

Plaintiffs' securities fraud claims." (*Id.*). The Court will address each argument in turn.

### A.    The Court's Findings as to Falsity

Plaintiffs contend that the Court should reconsider its falsity findings for four reasons. First, Plaintiffs argue that the Court "failed to credit Plaintiffs' detailed facts demonstrating the falsity of Defendants' statements when made, misconstrued Plaintiffs' allegations, and erroneously accepted Defendants' view of the [Amended] Complaint." (Doc. 65 at 12). Plaintiffs go on to point to several places where, in their opinion, the Court committed this error in the Dismissal Order.

To start, Plaintiffs argue that they provided more than 70 paragraphs of factual information in the Amended Complaint and that the Court erred by "[o]verlooking these facts" and focusing on summary paragraphs from the "Nature of the Action" section of the pleading. (*Id.*). Plaintiffs are correct that the Court quoted 12 summary paragraphs from the Amended Complaint's "Nature of the Action" section in its Dismissal Order. (*See* Doc. 63 at 3–7). But as the Court noted, those 12 paragraphs were included for context, not as a full recitation of the facts alleged by Plaintiffs. (*See id.* at 3) ("The Court includes a detailed examination of Plaintiffs' allegations in its analysis, but provides here a general summary for context[.]"). And as examination of the Dismissal Order shows, the Court relied

on much more than these 12 summary paragraphs when considering Defendants'

Motion to Dismiss. (*See generally* Doc. 63). Plaintiffs' argument is contradicted by

a plain reading of the Dismissal Order.

Plaintiffs also contend that the Court credited Defendants' narrative of the

case by finding that National Vision "'repeatedly informed investors that it was

experiencing wage inflation and retention pressures . . . and [that] Plaintiffs fail[ed]

to plead with specificity how Defendants' statements were false and misleading.'"

(Doc. 65 at 12) (quoting Doc. 63 at 17). Plaintiffs argue that the Court

mischaracterized its actual allegations, which included claims that Defendants

misled investors and failed to fulfill their duty to disclose the effect that wage and

compensation pressures had on National Vision's performance. (Doc. 65 at 12–13).

The Court disagrees. The Court recognizes that Plaintiffs alleged that

"Defendants misled investors because their discussion downplayed such

pressures and distinguished [National Vision] from its competitors when, in

reality, Defendants had a duty to disclose that wage and compensation pressures

were extreme and negatively impacting the Company's performance." (*Id.* at 13).

The Court acknowledged this theory several times throughout its Dismissal Order.

(*See, e.g.*, Doc. 63 at 3–7, 18–21, 23–24). But by dismissing the Amended Complaint,

the Court determined that, even viewing those allegations in the light most

favorable to Plaintiffs, Plaintiffs had failed to sufficiently plead falsity with specificity.

Plaintiffs take issue with this conclusion. They argue that the Amended Complaint alleged "specific facts that [National Vision] suffered from labor shortages, exam capacity constraints, and lost sales, leading up to and during the Class Period." (Doc. 65 at 13). Plaintiffs point to several allegations that they believe illustrate their point and argue that the Court failed to view these allegations in the light most favorable to them. (*Id.* at 13–14).

The Court is not convinced. The Court viewed these allegations in the light most favorable to Plaintiffs, and even with that favorable view, Plaintiffs' Amended Complaint failed to state their claims with the requisite particularity. As the Court noted in its Dismissal Order, to satisfy the heightened pleading standard, Plaintiffs were required to specify, among other things, "each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u–4(b)(1); *see also In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269–70 (11th Cir. 2016). Plaintiffs failed to do so.

The allegations that Plaintiffs identify in their Motion to Reconsider do not alter this conclusion. Plaintiffs do not point to paragraphs in the Amended Complaint that explain *why* the statements cited in the pleading are false or misleading. Instead, they point to allegations that the Court already considered

8

and found insufficient to meet Plaintiffs' heightened burden. This argument amounts to nothing more than instruction on how the Court "could have done it better the first time," an improper basis for reconsideration. *See Pres. Endangered Areas of Cobb's Hist., Inc.*, 916 F. Supp. at 1560.

Next, Plaintiffs argue that they are entitled to reconsideration because the Dismissal Order "failed to credit facts supporting the false and misleading nature of Defendants' remote medicine statements." (Doc. 65 at 14). They claim that the Court overlooked eight paragraphs that demonstrate the falsity of Defendants' statements about remote medicine. (*Id.* at 14–15).

This argument is contradicted by the Dismissal Order. Contrary to Plaintiffs' argument, the Dismissal Order clearly shows that the Court reviewed and considered the paragraphs that Plaintiffs point to in their Motion to Reconsider. (*See* Doc. 63 at 30–37). But like the allegations concerning wage inflation and retention, the Court concluded that Plaintiffs failed to sufficiently explain what was false or misleading about Defendants' remote medicine statements. The paragraphs that Plaintiffs point to in their Motion to Reconsider do not include explanations that would satisfy this requirement. (*See* Doc. 65 at 14–15). As such, Plaintiffs have not shown that they are entitled to reconsideration on this point.

Plaintiffs also argue that the Court's Dismissal Order "disregarded Plaintiffs' specific facts supporting the falsity of Defendants' material

9

misstatements about [National Vision]'s post-pandemic operations and ability to sustain growth." (*Id.* at 15). Again, Plaintiffs have failed to show that they are entitled to reconsideration. The Court did not disregard Plaintiffs' facts. Rather, as the Dismissal Order makes clear, the Court acknowledged the facts that Plaintiffs put forth in support of their falsity argument. (*See* Doc. 63 at 37). But like the arguments discussed above, the Court determined that, even taking those allegations as true and viewing them in the light most favorable to Plaintiffs, Plaintiffs failed to meet their heightened burden because they failed to state, with particularity, how the statements about National Vision's post-pandemic operations were false or misleading.

Plaintiffs make a similar argument as to Defendants' statements related to the Company's 2022 guidance. (Doc. 65 at 16). Contrary to Plaintiffs' assertions, the Court's Dismissal Order did not discredit their facts. Rather, the Court determined that, without explanation about how these statements were false or misleading, the Court was left to engage in guesswork, showing that Plaintiffs had failed to meet the heightened pleading standard.

In their Motion to Reconsider – like they did in their response to Defendants' Motion to Dismiss (Doc. 55) – Plaintiffs point to several paragraphs in the Amended Complaint that they argue "support a finding of the falsity of these statements when made." (Doc. 65 at 16). But the relevant question is not whether

there are facts that support a finding of falsity; the question is whether the Amended Complaint sufficiently explained *how* the identified statements were false or misleading. Plaintiffs do not point the Court to paragraphs in the Amended Complaint that meet this pleading requirement, and as such, have not shown that this Court committed clear error.

For their second point, Plaintiffs argue that the Court committed clear legal error when it found that "'Plaintiffs cannot rely on an after-the-fact statement made in November 2021' to 'infer that [earlier statements] were false or misleading at the time they were made.'" (*Id.* at 17) (quoting Doc. 63 at 21–22). According to Plaintiffs, "The law is clear that 'an existing problem at the time [of] the [misstatement] renders the no-hindsight cases inapplicable.'" (Doc. 65 at 17) (quoting *In re Towne Servs., Inc. Sec. Litig.*, 184 F. Supp. 2d 1308, 1322 (N.D. Ga. 2001)).

Plaintiffs made this argument previously, making this an inappropriate argument for reconsideration. (*See* Doc. 55 at 20–21). And as the Dismissal Order shows, the Court has considered, and rejected, Plaintiffs' argument and characterization of the cited authority.[3] (*See* Doc. 63 at 35–37). Plaintiffs are not entitled to reconsideration on this basis.

---

[3] At most, the applicability – or lack thereof – of the "fraud by hindsight" cases is at least arguable, making any potential error not the sort of "clear and obvious"

Plaintiffs also argue that the Court "erred by discounting the market's reaction to the three partial disclosures as supporting falsity." (Doc. 65 at 19). Plaintiffs do not explain how the Court's discussion of the market reaction in its Dismissal Order constituted a "clear error of law or fact." Instead, Plaintiffs point to cases that they cited in their response to Defendants' Motion to Dismiss, (*see* Doc. 55 at 27), and state that other courts in this district "often rely on the stock decline and analysts' reaction following a disclosure" to support a falsity finding. (Doc. 65 at 19–20). Asserting that other courts in this district often rely on this information is a far cry from demonstrating "clear error of law." This argument is rejected.

Finally, Plaintiffs argue that the Court erred because the Dismissal Order "erroneously distinguished this action from cases with similar fact patterns where motions to dismiss were denied, because Plaintiffs here did not plead former employee witnesses accounts." (Doc. 65 at 20). Plaintiffs argue that this was error because their Amended Complaint was not required to include confidential witness allegations. (*Id.* at 21).

This argument mischaracterizes the Court's conclusions. In the Dismissal Order, the Court concluded that Plaintiffs' Amended Complaint failed "to make

---

error that warrants reconsideration. *See United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003).

particularized allegations necessary to state a claim for relief." (Doc. 63 at 28). At no point did the Court conclude that Plaintiffs were required to put forward confidential witnesses. Rather, the Court simply pointed to confidential witness accounts as one type of concrete, verifiable evidence that would have helped Plaintiffs' allegations meet the heightened standard. (*See id.* at 28–30). For the foregoing reasons, Plaintiffs are not entitled to reconsideration on the Court's falsity findings.

### B.     The Court's Findings as to Scienter

Plaintiffs also argue that the Court erred in its findings as to scienter. Specifically, Plaintiffs claim that the Court committed legal error "by failing to consider the totality of all relevant scienter inferences collectively and constru[e] all reasonable aggregated inferences in Plaintiffs' favor." (Doc. 65 at 22). This argument is belied by the record. As the Dismissal Order shows, the Court looked at the aggregated allegations and viewed both the allegations and all reasonable inferences in the light most favorable to Plaintiffs. (*See* Doc. 63 at 44). But even after doing so, the Court concluded that Plaintiffs had failed to sufficiently plead scienter. Plaintiffs' mere disagreement with the Court's conclusion is not a basis for reconsideration.

## IV.    Conclusion

For the above reasons, Plaintiffs' Motion for Reconsideration (Doc. 65) is

**DENIED**.

**SO ORDERED**, this 24th day of March, 2025.

Victoria Marie Calvert
United States District Judge